UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVYN BETANCOURT ULLOA (A No. 241 677 406),

Petitioner,

v.

WARDEN, CALIFORNIA CITY ICE DETENTION FACILITY, et al.,

Respondents.

No.  1:26-cv-3360 DAD CKD P

FINDINGS AND RECOMMENDATIONS

Petitioner, detained by the Immigration and Customs Enforcement Agency (ICE), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging that detention.[1]   For the reasons which follow, the court recommends that the petition be denied.

I. Facts

Petitioner, a native and citizen of Cuba, ECF No. 8-1 at 1, entered the United States near San Luis, Arizona, without authorization on or around August 5, 2022.  ECF No. 8-1 at 2. Petitioner was detained, charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) and then released into the United States the next day.  ECF No. 8-1 at 4.  He was ordered to appear for

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

immigration proceedings on November 8, 2022, in Las Vegas.  Id.

On August 31, 2025, petitioner was arrested in Pasco County, Florida.  ECF No. 8-1 at 10. Eventually, he was charged with three counts of providing minors with alcohol and one count of touching a minor in a lewd or lascivious manner.  ECF No. 8-2 at 7-8.  Petitioner was released by Pasco Conty on February 14, 2026, and re-detained by ICE that same day.  ECF No. 1 at 5; ECF No. 8-1 at 2.  At that point petitioner was charged with being inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as well as 8 U.S.C. § 1182(a)(6)(A)(i).  ECF No. 8-1 at 2.

On February 16, 2026, petitioner pled guilty in Pasco County to one count of child abuse and three counts of contributing to the delinquency of a minor.  ECF No. 8-2 at 1.  He was ordered to pay a fine of $132.00 and sentenced to time already served, 167 days.  ECF No. 8-2 at 4-5.

Petitioner has been in continuous ICE custody since February 14, 2026, and is presently at the California City ICE Detention Facility.  ECF No. 1 at 1-2.  The status of petitioner's removal proceedings is not clear.  The record does not reflect that petitioner has sought custody redetermination from an immigration judge while in ICE custody.

II.  Standard for Habeas Relief

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

/////

/////

2

III.  Analysis

Respondents argue that petitioner is subject to mandatory detention under 28 U.S.C. § 1226(c)(1)(A) and 28 U.S.C. § 1182(c)(2) because petitioner's conviction for child abuse amounts to a crime of "moral turpitude."  It is not clear under Ninth Circuit precedent whether child abuse is a crime of "moral turpitude."[2]

Petitioner has the ability to challenge whether his convictions qualify petitioner for mandatory detention via a request for a Matter of Joseph, 22 I&N Dec. 799 (BIA 1999) hearing before an immigration judge, Demore v. Kim, 538 U.S. 510, 514 (2003), and he has the ability to appeal any decision to the Board of Immigration Appeals.  Buckley v. Chestnut, No. 1:26-cv-02624-DAD-JDP, 2026 WL 1030931, at *3 (E.D. Cal. Apr. 16, 2026).  Since it is not clear under Ninth Circuit precedent that child abuse under Florida law is a crime of moral turpitude, petitioner pursuing a hearing before an immigration judge, and an appeal if warranted, cannot be said to be a futile endeavor.  Further, the court finds that agency expertise makes agency consideration appropriate. Not requiring petitioner to exhaust the agency remedies available to him would encourage a deliberate bypass of such remedies by others. Agency review will allow the agency to correct any possible mistakes, potentially avoiding the need for judicial review. Considering all of these factors, this action should be dismissed for plaintiff failure to exhaust the remedies available to him.  Id.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The petition for writ of habeas corpus (ECF No. 1) be DISMISSED for failure to exhaust available administrative remedies; and

2.  This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after

_____

[2] A crime involving moral turpitude has been defined to include "a crime that (1) is vile, base, or depraved and (2) violates accepted moral standards." Walcott v. Garland, 21 F.4th 590, 598 (9th Cir. 2021) (citation modified). Petitioner was convicted of violating Fla. Stat § 827.03.2c. Exh. 2 at 1. This statute prohibits, "knowingly or willfully abus[ing] a child without causing great bodily harm, permanent disability, or permanent disfigurement to the child." Fla. Stat § 827.03.2c.

being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within 14 days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 20, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
ulloa3360.imm.frs

4