UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVYN BETANCOURT ULLOA,

Petitioner,

v.

WARDEN CALIFORNIA CITY CORRECTIONAL CENTER,

Respondent.

No. 1:26-cv-03360-DAD-CKD (HC)

ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE GRANTED

On May 1, 2026, petitioner filed a motion for temporary restraining order seeking his immediate release. (Doc. No. 2.) On May 5, 2026, respondent filed its opposition, arguing that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) and that petitioner had not exhausted his administrative remedies because he had not requested a *Matter of Joseph* hearing to challenge this determination before an immigration judge. (Doc. No. 8 at 2–4.) On May 7, 2026, the court denied petitioner's motion for temporary restraining order, determining that petitioner had not exhausted his administrative remedies at that time. (Doc. No. 9.) On May 21, 2026, the assigned magistrate judge issued findings and recommendations recommending that the pending petition be dismissed for failing to exhaust administrative remedies. (Doc. No. 12.) On June 15, 2026, petitioner filed a brief arguing that he has now exhausted administrative remedies because he requested a *Matter of Joseph* hearing on May 14, 2026 (Doc. No. 13 at 4–6),

but has not received such a hearing. (*Id.* at 1–2.) On July 13, 2026, the court issued an order directed respondent to file supplemental briefing by no later than July 14, 2026 at 5:00 p.m. addressing whether petitioner was provided with a *Matter of Joseph* hearing and, if he has not been provided with such a hearing, to address the specific reasons that petitioner has not been provided such a hearing to date. (Doc. No. 14.)

On July 13, 2026, respondent filed a response to this court's order stating that petitioner has not received a *Matter of Joseph* hearing because "he did not ask the immigration court for such a hearing." (Doc. No. 15 at 1.) To support this proposition, respondent cites to an unauthenticated document that appears to be an immigration court docket. (Doc. No. 15-1 at 2.) Respondent does not explain how this document purports to show that petitioner never requested a *Matter of Joseph* hearing, particularly in light of the entries on the docket stating only the "document type" but not what the document is. (*Id.*) Respondent's showing has failed to rebut petitioner's certificate of service stating that he mailed his request for a *Matter of Joseph* hearing on May 14, 2026 (Doc. No. 13 at 7). Moreover, respondent has been on notice in this action since June 15, 2026 of petitioner's position that he had requested a bond hearing, but failed to schedule a *Matter of Joseph* hearing despite this. Accordingly, in light of respondent's deficient filing, the court ORDERS respondent to SHOW CAUSE in writing by no later than July 15, 2026 at 5:00 p.m. why the petition should not be granted due to respondent's failure to timely schedule a *Matter of Joseph* hearing.

IT IS SO ORDERED.

Dated: **July 13, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE