UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVYN BETANCOURT ULLOA,

Petitioner,

v.

WARDEN CALIFORNIA CITY CORRECTIONAL CENTER,

Respondent.

No. 1:26-cv-03360-DAD-CKD (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING THE PETITION, DISCHARGING ORDER TO SHOW CAUSE, AND DENYING PENDING MOTION AS MOOT

(Doc. Nos. 12, 13)

Petitioner Kevyn Betancourt Ulloa is a former federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 21, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be dismissed for failing to exhaust administrative remedies. (Doc. No. 12.) Specifically, the magistrate judge found that it was unclear whether petitioner's prior convictions would amount to a crime involving moral turpitude under governing Ninth Circuit precedent and, accordingly, that a *Matter of Joseph* hearing before an immigration judge challenging his detention pursuant to 8 U.S.C. § 1226(c) would not be clearly futile. (*Id.* at 3.) The pending findings and

/////

recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 4.)

On June 15, 2026, petitioner filed a motion "requesting to enforce recommendation" which the court construes as objections to the pending findings and recommendations. (Doc. No. 13.) In those objections, petitioner argues that he filed a request for a *Matter of Joseph* hearing on May 14, 2026, but respondent had failed to schedule that hearing. (*Id.* at 1–2.) To support this contention, petitioner files the *pro se* request he filed with the Adelanto Immigration Court and his signed certificate of service. (*Id.* at 4–7.) On July 13, 2026, the court directed respondent to file supplemental briefing addressing whether petitioner had been provided with the requested *Matter of Joseph* hearing and, if not, the specific reasons he had not yet received that hearing. (Doc. No. 14.) On July 13, 2026, respondent filed a status report indicating that a *Matter of Joseph* hearing had not been provided and that one was scheduled for July 20, 2026, but failed to satisfactorily explain why a hearing had not yet been provided. (Doc. No. 15.) Accordingly, on July 14, 2026, the court ordered respondent to show cause why the petition should not be granted due to respondent's failure to timely schedule a *Matter of Joseph* hearing. (Doc. No. 16.)

On July 15, 2026, respondent filed a declaration of respondent's counsel in this action and a response to the order to show cause. (Doc. Nos. 17, 18.) In that response, respondent explained that the immigration court had not docketed a request for a *Matter of Joseph* hearing because no such request had been properly filed, apparently because petitioner's counsel in the immigration proceedings had not filed such a request. (Doc. No. 18 at 1–2.) Respondent's counsel also explained that respondent did not schedule a *Matter of Joseph* hearing in response to petitioner's June 15 motion because he had not reviewed petitioner's "motion to enforce" in detail. (*Id.* at 2.) Specifically, respondent's counsel reviewed the motion, observed that there was no final order to enforce at that time, and did not see petitioner's filing indicating that he had attempted to file a *pro se* request for a *Matter of Joseph* hearing. (*Id.*) The deluge of habeas corpus petitions has stretched the capacity of both the court and respondent's counsel and, in this regard, the court finds counsel's oversight is understandable. The court accordingly will discharge the order to show cause. In light of petitioner's scheduled *Matter of Joseph* hearing, the court must conclude

that he has still not exhausted his administrative remedies. Accordingly, petitioner's objections brought through a "motion to enforce recommendations" do not provide a basis upon which to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons above,

1. The findings and recommendations issued on May 29, 2026 (Doc. No. 12) are ADOPTED IN FULL;
2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is DISMISSED without prejudice to its renewal following exhaustion of his administrative remedies;
3. Petitioner's request to enforce recommendations (Doc. No. 13) is DENIED as moot;
4. The court DISCHARGES the July 14, 2026 order to show cause (Doc. No. 16); and
5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **July 16, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE