UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVYN BETANCOURT ULLOA,

Petitioner,

v.

WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,

Respondent.

No. 1:26-cv-03360-DAD-CKD (HC)

ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REOPENED AND THE PETITION GRANTED

On July 17, 2026, the court adopted the magistrate judge's findings and recommendations and dismissed the petition in this action on the basis that petitioner had not exhausted his administrative remedies. (Doc. No. 19.) In that order, the court recounted that, on May 14, 2026, petitioner had attempted to request a *Matter of Joseph* hearing to challenge his detention which is purportedly pursuant to 8 U.S.C. § 1226(c), but respondent had failed to set such a hearing. (*Id.* at 2.) The court went on to note that it had ordered respondent to show cause why the petition should not be granted due to its failure to timely schedule a *Matter of Joseph* hearing and that, on July 15, 2026, respondent had filed a response to that order to show cause. (*Id.*) Respondent explained that the immigration court had not docketed a request for a *Matter of Joseph* hearing because petitioner was represented by counsel before the immigration court and that counsel had not requested such a hearing. (*Id.*) Respondent represented that a *Matter of Joseph* hearing was

now scheduled for petitioner on July 20, 2026. (*Id.*) Relying on the representations of respondent that petitioner would be given a *Matter of Joseph* hearing on July 20, 2026, the court dismissed petitioner's petition and closed this case for failure to exhaust his administrative remedies. (*Id.* at 3.)

On August 3, 2026, petitioner filed a motion to reopen this action because, at the July 20, 2026 hearing, the immigration judge found that the immigration court lacked jurisdiction because petitioner was subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). (Doc. No. 21 at 2.) The court is troubled by this development. Throughout this action, respondent has represented that "[p]etitioner is subject to detention under 8 U.S.C. § 1226(c)(1)(A)" not § 1225. (Doc. No. 8 at 2.) The court relied on this representation in denying petitioner's motion for temporary restraining order (Doc. No. 9) and ultimately dismissing this action (Doc. No. 19). Indeed, respondent specifically requested that the court distinguish its prior decisions "rejecting the government's § 1225(b) . . . arguments" because petitioner was subject to detention pursuant to § 1226(c). (Doc. No. 8 at 1.) However, the immigration judge's finding gives rise to a reasonable inference that respondent internally was treating, and had always treated, petitioner as being subject to 8 U.S.C. § 1225(b)(2)(A). (Doc. No. 21 at 2.) If that is the case, petitioner's detention pursuant to 8 U.S.C. § 1226(c) appears to be a *post hoc* rationalization of an unlawful detention and accordingly may not be accepted by the court.[1] *See Garro Pinchi v. Noem*, 813 F. Supp. 3d 973, 1028 (N.D. Cal. 2025) ("As an initial matter, 'courts may not accept . . . *post hoc* rationalizations for agency action.'") (quoting *Or. Nat. Desert Ass'n v. Bureau of Land Mgmt.*, 625 F.3d 1092, 1120 (9th Cir. 2010)); *see also Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) ("The Court cannot credit Respondents' new position as to the basis for Mr. Lopez Benitez's detention, which was adopted *post hoc* and raised for the first time in this litigation.").

---

[1] In other cases, respondent has requested extensions of time to respond to motions for temporary restraining orders on the grounds that it appeared that the petitioner may be subject to mandatory detention pursuant to § 1226(c). *See, e.g., Roman Rodriguez v. Chestnut*, No. 1:26-cv-05532-DAD-CSK (Doc. No. 6). This heightens the court's concern that respondent is pursuing *post hoc* justifications for unlawful detentions and failing to inform the court of the original basis for the detention of certain petitioners.

In light of the foregoing, the court ORDERS respondent to SHOW CAUSE in writing by no later than August 13, 2026 at 5:00 p.m. why this case should not be reopened and the petition for federal habeas relief granted. Moreover, even supposing that the *post hoc* identification of § 1226(c) may be properly considered by the court because detention under § 1226(c) is mandatory, the court is concerned that respondent may have instituted a practice of only identifying whether § 1226(c) applies subsequent to the filing of a habeas petition. Petitioner, and others in his position, may well not be informed of the procedures available to challenge their detention before an immigration judge prior to filing a habeas petition. In light of the deluge of habeas petitions facing this district, the court must determine whether respondent is only providing the procedures required by due process and statute, such as *Matter of Joseph* hearings, when directly ordered by this court. Accordingly, the court DIRECTS respondent, in its written response, to answer the following questions:

1. What detention authority, if any, was petitioner purportedly detained pursuant to on February 14, 2026?
2. At what time did respondent identify that petitioner may be subject to detention pursuant to 8 U.S.C. § 1226(c)?
3. Was petitioner or his immigration counsel ever informed prior to the filing of this habeas petition that it was respondent's position that he was subject to detention pursuant to 8 U.S.C. § 1226(c)?
4. Was petitioner informed prior to the filing of his habeas petition of his right to challenge his detention pursuant to § 1226(c) through a *Matter of Joseph* hearing?
5. Is it the practice of respondent's counsel to identify *post hoc* statutory bases for detention regardless of the initial detention authority identified internally by respondent as its justification for detaining a petitioner?

/////

/////

/////

/////

6. Where respondent's counsel identifies § 1226(c) as the basis for a petitioner's detention, is it the practice of respondent to only provide a *Matter of Joseph* hearing when directly ordered by the district court?

IT IS SO ORDERED.

Dated: **August 10, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE