UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVYN BETANCOURT ULLOA,

Petitioner,

v.

WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,

Respondent.

No. 1:26-cv-03360-DAD-CKD

ORDER REDACTING AUGUST 17, 2026 ORDER AND DESIGNATING RESPONDENT'S AUGUST 19, 2026 RESPONSE FOR PUBLIC ACCESS WITH REDACTIONS

At the August 20, 2026 hearing regarding the imposition of sanctions in this matter, respondent requested that certain be made from the court's August 17, 2026 order to show cause and that respondent's response thereto be made publicly available. All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and

/////

/////

/////

/////

documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).[1]

Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135–36 (9th Cir. 2003)). The portions of the August 17, 2026 order to show cause and the August 19, 2026 response which refer to individuals by name are in reference to non-dispositive matters. In light of the representations of respondent's counsel at the August 20, 2026 hearing, the court finds good cause to redact those filings as requested. The court similarly finds good cause to make respondent's August 13, 2026 response and August 19, 2026 opposition to the court's OSC publicly available.

For the reasons explained above and at the August 20, 2026 hearing:

1. The August 11, 2026, order to show cause (Doc. No. 22) is discharged;
2. The Clerk of the Court is directed to redact respondent's counsel's name from the August 17, 2026 order (Doc. No. 24 at 10) and respondent's August 19, 2026 filing (Doc. Nos. 27 at 1, 3; 27-1);
3. The Clerk of the Court is also directed to make respondent's August 13, 2026 filing (Doc. No. 23) and the redacted version of respondent's August 19, 2026 filing (Doc. Nos. 27, 27-1) publicly available on the docket of this action; and

/////

---

[1] Pursuant to Federal Rule of Civil Procedure 5.2(d), a court "may order that a filing be made under seal without redaction." However, even if a court permits such a filing, it may "later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d).

4. The Clerk of the Court is directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **September 4, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE